953 F.2d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kim L. HARRISON, Plaintiff-Appellant,
v.
SKY CHEFS, INC.; John Abe, Defendants-Appellees.
 No. 91-55091.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 28, 1992.*
Decided Feb. 3, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kim L. Harrison appeals pro se the district court's summary judgment in favor of Sky Chefs and John Abe ("Sky Chefs") in his employment discrimination action based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII), and 42 U.S.C. § 1981 ("section 1981"). Harrison contends that genuine issues of material fact existed as to whether the defendants discriminated against him based on his race (Black) and sex (male). We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Standard of Review
 
 
 4
 This court reviews the district court's grant of summary judgment de novo. Yartzoff v. Thomas, 809 F.2d 1371, 1373 (9th Cir.1987). Viewing the evidence in the light most favorable to the nonmoving party, this court determines whether "there remains any genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law." Id.
 
 II
 Title VII
 
 5
 To prevail in a Title VII disparate treatment case, Harrison must show that he was "singled out and treated less favorably than others similarly situated on account of race...." Gay v. Waiters' and Dairy Lunchmen's Union, 694 F.2d 531, 537 (9th Cir.1982). The plaintiff bears the initial burden of establishing a prima facie case of discrimination to create a genuine issue of material fact sufficient to foreclose summary judgment. See Pejic v. Hughes Helicopter, 840 F.2d 667, 672 (9th Cir.1988); Diaz v. American Telephone & Telegraph, 752 F.2d 1356, 1358 (9th Cir.1985). The plaintiff must produce a preponderance of evidence supporting an inference of intentional discrimination. See Fragante v. City and County of Honolulu, 888 F.2d 591, 595 (9th Cir.1989), cert. denied, 494 U.S. 1081 (1990); Forsberg v. Pacific Northwest Bell Telephone Co., 840 F.2d 1409, 1419 (9th Cir.1988) ("purely conclusory allegations of discrimination, with no concrete, relevant particulars, will not bar summary judgment"). Once the plaintiff establishes a prima facie case, the burden shifts to the defendant to "rebut the presumption of discrimination by 'articulating some legitimate, nondiscriminatory reason' for the adverse action." Fragante, 888 F.2d at 595 (citation omitted). The plaintiff then has the burden to show that the defendant's proffered reason is a pretext for invidious discrimination. Id.
 
 
 6
 Here, Harrison started working for Sky Chefs on November 1, 1988 as a probationary employee for a period of sixty days, during which time he could be dismissed at Sky Chefs' discretion. On December 16, 1988 and December 22, 1988, Harrison violated Sky Chefs' written General Rules of Conduct by twice failing to notify Sky Chefs two hours before the start of his shift that he would be absent. Harrison received a written warning of his rule violations on December 24, 1988. On December 29, 1988, within Harrison's probationary period, Sky Chefs terminated Harrison's employment because he failed to meet Sky Chefs' work standards.
 
 
 7
 Sky Chefs hired two other black men at or about the same time as Harrison. They successfully completed the probationary period and became permanent employees. Harrison failed to introduce evidence that his termination was based on his race or sex. His bald assertions of differential treatment were not supported by evidence, such as affidavits from others who may have witnessed discriminatory actions. Rather, Harrison's employment discrimination claim essentially rested on the fact that he was a man of color. This fact alone was insufficient to suggest that Sky Chefs' action was based on anything other than Harrison's substandard job performance. See Forsberg, 840 F.2d at 1419.
 
 III
 Section 1981
 
 8
 "An employee may seek relief under both Title VII and section 1981 for racial discrimination in employment.... As with Title VII disparate treatment ... actions, claims under section 1981 require proof of intentional discrimination." Jurado v. Eleven-Fifty Corp., 813 F.2d 1406, 1412 (9th Cir.1987) (citation omitted); see Judie v. Hamilton, 872 F.2d 919, 922 (9th Cir.1989).
 
 
 9
 As set forth above, Harrison has not introduced sufficient evidence to create a genuine issue of material fact that Sky Chefs' actions were motivated by racial bias. Harrison raised a negligence claim based on Sky Chefs' alleged failure to inform Harrison that unapproved absences would result in termination. He also asserted that Sky Chefs' summary judgment motion was procedurally defective. We have received these claims and find them meritless. Accordingly, the district court properly granted summary judgment for Sky Chefs. See Jurado, 813 F.2d at 1412.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3